```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA


LARRY SEAMAN                             CIVIL ACTION

VERSUS                                   NO: 07-3354

SEACOR MARINE LLC                        SECTION: "A" (1)
```

**ORDER AND REASONS**

Plaintiff, Larry Seaman, moves for reconsideration of the Court's prior order in which the Court concludes that Seaman cannot recover punitive damages for exposure injuries that he claims to have sustained while working for Seacor from 1982 until March 2003. In particular, Seaman complains that the Court should not have dismissed his state law punitive damage claims because prior to 1995 when the Fifth Circuit decided Guevara v. Maritime Overseas Corp., 59 F.3d 1496 (5th Cir. 1995) (en banc), maritime law and state law were consistent in allowing for punitive damages.

Plaintiff is a Jones Act seaman. The scope of his recovery is governed by federal law. In the complaint, he alleges that he first learned that his cancer was related to workplace exposure on July 21, 2006. (Comp. ¶ 9). Thus, pursuant to the "discovery rule" used in this circuit, see, e.g., Armstrong v. Trico Marine, Inc., 923 F.2d 55, 58 (5th Cir. 1991), Plaintiff's cause of action did not accrue until July 21, 2006, which was well after Guevara and the Supreme Court's decision in Miles v. Apex Marine

Corp., 498 U.S. 19 (1990).

Furthermore, Murray v. Anthony J. Bertucci Construction Co., 958 F.2d 127 (5th Cir. 1992), undermines Plaintiff's assertion that recovery for exposure sustained prior to Guevara and Miles would not be governed by those cases.  In Murray, the Fifth Circuit applied Miles to strike a jury award for loss of society obtained two months *after* the jury had returned its verdict.  Id. at 128-29.  The law in the Fifth Circuit prior to Miles had allowed for loss of society claims by spouses of injured seaman and the jury had found in favor of the plaintiff on that claim. Nevertheless, because the case was still on appeal the Supreme Court's retroactivity rules required that Miles be applied to parties in Murray--this notwithstanding that the plaintiff's claim had clearly accrued under the law in effect prior to Miles. Id. at 132-33.

The import of the foregoing is that Seaman's right to recovery as a Jones Act seaman, a right which did not accrue until 2006, is subject to Miles and Guevara even though his exposure occurred prior to these decisions being handed down. Seaman cannot circumvent the Jones Act to recover punitive damages under state law.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Reconsider To Alter or**

2

**Amend Judgment Under Rule 59(e) (Rec. Doc. 14)** filed by Plaintiff is **DENIED**.

February 7, 2008

                                    _____
                                    JAY C. ZAINEY
                                    UNITED STATES DISTRICT JUDGE