# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LARRY SEAMAN** | **CIVIL ACTION** |
| **VERSUS** | **NO: 07-3354-JCZ-SS** |
| **SEACOR MARINE, L.L.C.** | |

## ORDER

SEACOR'S MOTION FOR SANCTIONS (Rec. doc. 27)

### GRANTED IN PART AND DENIED IN PART

SEACOR'S MOTION TO QUASH SUBPOENA (Rec. doc. 41)

### GRANTED

SEACOR'S MOTION TO COMPEL MEDICAL EXAMINATION (Rec. doc. 63)

### GRANTED

Before the undersigned are the motion of the defendant, Seacor Marine, L.L.C. ("Seacor"), for the following sanctions against the plaintiff, Larry Seaman ("Seaman"): (1) disqualification of Seaman's counsel, Kearney Loughlin; (2) disqualification of Dr. Neil Baum as an expert in this action: (3) monetary sanctions against Mr. Loughlin of $25,000.00; and (4) an extension of the deadline for Seacor's expert reports.

It is undisputed that:

1. Loughlin receive the February 19, 2008, e-mail from counsel for Seacor notifying him that an IME was scheduled with Dr. Baum on April 7, 2008;

2. Loughlin contacted Dr. Baum and scheduled a meeting for March 6, 2008;

3.      Loughlin met with Dr. Baum on March 6, 2008;

4.      Loughlin discussed this case with Dr. Baum on March 6, 2008; and

5.      Loughlin obtained a report from Dr. Baum.

Mr. Loughlin had *ex parte* communications with Dr. Baum, Seacor's retained expert, in violation of the Federal Rules of Civil Procedure.  The undersigned finds that the violation arose out of ignorance and without the required dishonesty of belief or purpose required for a finding of bad faith. Seacor's motion for sanctions is granted in part.  While Mr. Loughlin's conduct does not rise to the level of bad faith, his ignorance of the law is so grevious that Seacor is entitled to an award of costs and fees for bringing this motion which are set at $1,000.00.

Also before the undersigned are Seacor's motion to quash a subpoena duces tecum issued by Seaman to Dr. Baum and a motion to compel medical examination and depositions of Seaman's experts.  These motions are granted.

<u>MARCH 31, 2008 ORDER</u>

The undersigned's order of March 31, 2008, contains a description of the background of this controversy, a discussion of expert discovery under the Federal Rules of Civil Procedure, a description of Mr. Loughlin's communications with Dr. Baum, and legal authorities on *ex parte* communications with experts.  Rec. doc. 57.  The order requested that Mr. Loughlin file a memorandum stating whether the four points described above are true and provide any federal authorities demonstrating that *ex parte* communications with a retained expert are permitted under the Federal Rules of Civil Procedure.

<u>ANALYSIS</u>

1.    <u>Mr. Loughlin's account of the facts</u>.

Mr. Loughlin reports that in 2007, Dr. Baum was recommended to him as an expert. Although Mr. Loughlin attempted to talk to Dr. Baum in late 2007, he was told that Dr. Baum was out of town.  Mr. Loughlin did not follow-up.  Rec. doc. 58 at 2-3.

Mr. Loughlin reports that counsel for Seacor contacted him on January 15, 2008, with a request that Seaman be examined by Dr. Baum.  Mr. Loughlin insists that he was unaware that Seacor's counsel had retained Dr. Baum as an expert witness to review Seaman's file and to offer an opinion on the issue of causation.  Mr. Loughlin contents that, because he "intended to ask Dr. Baum for his opinion on causation, he agreed on Mr. Seaman's behalf to the IME. . . ."  Rec. doc. 58 at 4.  Mr. Loughlin reports that the parties eventually agreed to an examination on April 7, 2008. <u>Id</u>. at 5.  On Tuesday, February 19, 2008, counsel for Seacor sent a letter to Mr. Loughlin via e-mail with the following statement:

> As per our conversation, the IME [independent medical examination] of Mr. Seaman has been scheduled with Dr. Neil Baum for April 7, 2008 at 1pm.  Please have your client be present for the IME.
>
> Additionally this letter is to confirm that if Dr. Baum requires additional time to provide an expert report, an extension will be provided given the date of the scheduled IME.
>
> Should you require additional information or should anything in this letter be incorrect, please free to contact me immediately at 504-525-7500.

Rec. doc. 27 (Exhibit A).

3

2.      <u>Dr. Baum was Seacor's retained expert.</u>

In the March 31, 2007 order, the undersigned stated that: "[t]he letter [February 19, 2008] demonstrates that Dr. Baum was Seacor's retained expert." Rec. doc. 57 at 4. Mr. Loughlin has not provided any information to change that conclusion. He contends Seacor never described Dr. Baum as a retained expert within the meaning of Fed. R. Civ. P. 26(b)(4). Mr. Loughlin describes Dr. Baum "as an IME doctor retained to perform an independent medical examination of Mr. Seaman and then report his findings." Rec. doc. 58. He contends that, pursuant to Fed. R. Civ. P. 35(b)(3), Dr. Baum was required to provide a report to Mr. Seaman. He urges that if Seacor's counsel had disclosed that Dr. Baum had rendered a report to Seacor on causation, he would not have agreed to let him examine Seaman.

Mr. Loughlin ignores Seacor's notice to him that Dr. Baum would provide a report for Seacor. The deadline for Seacor to provide expert reports was April 28, 2008. Rec. doc. 6. Mr. Loughlin acknowledges that on January 15, 2008, Seacor's counsel contacted him about scheduling Seaman for an examination with Dr. Baum. Rec. doc. 58 at 2. There were attempts made to schedule it for February 21 or 22, 2008. <u>Id</u>. at 4. Because of Dr. Baum's schedule, it was postponed to April 7, 2008. On February 18, 2008, Mr. Loughlin told Seacor's counsel that Seaman would come from Alabama to New Orleans for the examination. <u>Id</u>. at 5. At that point Mr. Loughlin received the e-mail from Seaman's counsel that "if Dr. Baum requires additional time to provide an expert report, an extension will be provided given the date of the scheduled IME." Rec. doc. 27 (Exhibit A).

Mr. Loughlin's resort to Rule 35 is without merit. Rule 35(a) provides that the court may

4

order the party to submit to a physical or mental examination.  Fed. R. Civ. P. 35(a).  The person

examined may request a copy of the report of examination. Fed. R. Civ. P. 35(b).  If the sole basis

for Seaman's examination by Dr. Baum was Rule 35, there was no need for Seacor to request an

extension of the deadline for Dr. Baum to supply a report.

        Mr. Loughlin further ignores the scheduling order.  It provides:

> Written reports of experts, as defined in Federal Rules of Civil Procedure
> 26(a)(2)(B), who may be witnesses for Defendant shall be obtained and delivered to
> counsel for Plaintiff as soon as possible, but in no event later than April 28, 2008.

Rec. doc. 6 at 2.  The deadline at issue in the February 19, 2008 letter was Seacor's deadline for

reports of Rule 26(a)(2)(B) experts.  If was not clear before February 19, 2008, that Dr. Baum was

Seacor's retained expert, it was clear when Seacor confirmed an extension of the deadline to provide

a report.[1]

3.    <u>Mr. Loughlin's meeting with Dr. Baum</u>.

        In order to resolve this motion it is not necessary to determine exactly what was said in the

meeting or who was present.  Seacor's motion to quash the subpoena duces tecum to Dr. Baum will

be granted.  Nothing will be gained from prolongation of the controversy over what was said at the

meeting between Dr. Baum and Mr. Loughlin.  The fact is that the meeting occurred after Mr.

Loughlin was on notice that Dr. Baum was Seacor's retained expert.

---

[1] Mr. Loughlin contends that Seacor was not entitled to an examination under Rule 35, because his physical condition was not at issue.  Rec. doc. 58 at 12. Seaman alleges that he "suffered the past, present, and future damages set forth below, and requires medical attention, rehabilitation, and assistance." Rec. doc. 1 at 3. There is no stipulation in the record that Seaman withdrew his claim for damages based on his alleged need for medical attention, rehabilitation, and assistance.  Seaman's current physical condition and the treatment he will require in the future for that condition are clearly at issue.  If Seacor had sought an order, pursuant to Rule 35, for Dr. Baum's examination of Seaman, it would have been granted.  Accordingly, Seacor's motion to compel Seaman's examination by Dr. Richard Airhart and to compel the depositions of Seaman's experts will be granted.

4.   Discovery of experts under the Federal Rules of Civil Procedure.

Rule 26(b)(4) provides the exclusive of means of formal discovery of experts.  While there is no prohibition on informal discovery, it requires agreement by the parties.  Mr. Loughlin contends that Seacor authorized him to contact Dr. Baum.[2]

Mr. Loughlin's citation to King v. Ahrens, 798 F.Supp. 1371 (W.D. Ark. 1992), does not help his cause.  Seaman's claim against Seacor arises under the Jones Act, 46 U.S.C. App. § 688, and the General Maritime Law.  In King, the plaintiff's action for malpractice arose under state law.  The issue of whether plaintiff could prohibit defense counsel from *ex parte* communications with plaintiff's medical care providers was resolved under Arkansas law.  In addition, the issue concerned contact with plaintiff's treating physician.  Dr. Baum was not Seaman's treating physician.[3]

5.   The pre-trial notice.

The Court's pre-trial notice provides that:

> Counsel shall not be allowed to ask questions on cross-examination of an economic expert which would require the witness to make mathematical calculations in order to frame a response unless the factual elements of such questions shall have been submitted to that expert witness not less than three full working days before trial.

Rec. doc. 6 (Attachment at 8).  Mr. Loughlin contends that the information he provided to Dr. Baum is akin to the calculations to be provided to an economic expert.  Dr. Baum was not an economic

---

[2] Mr. Loughlin's argument that he could have communicated with current employees of Seacor provided they were not involved with the organization's lawyer and they did not have the authority to bind the organization misses the mark.  He ignores that Dr. Baum was the retained expert for Seacor and that Dr. Baum was very involved with Seacor's counsel.

[3] Mr. Loughlin also resorts to the State, Dept. of Transp. and Development v. Stumf, 458 So.2d 448, 453 (La. 1984).  He relied on this case in his prior memorandum, and the undersigned addressed it in the March 31, 2008 order. Rec. doc. 57 at 5.

6

expert; he was a medical expert.  The provision in the pretrial notice does not permit *ex parte* communications with a retained expert.  Any questions to be submitted to an economic expert for cross-examination would be submitted through counsel for the party who retained the expert.

6.      Mr. Loughlin's attempt to distinguish Seacor's authorities.

In its prior memorandum Seacor cited Sewell v. Maryland Department of Transportation, 206 F.R.D. (D. Md. 2002).  Rec. doc. 27 at 4, n. 10.  The undersigned relied on Sewell in the March 31, 2008 order.  Rec. doc. 57 at 5.  Mr. Loughlin argues that in Sewell the plaintiff underwent a psychiatric evaluation pursuant to Rule 35.  He contrasts that evaluation with the fact that Seaman's bladder was removed which presents a static physical condition.[4]  After the evaluation, the *ex parte* communications occurred.  Mr. Loughlin appears to contend that, because he agreed to Seacor's request for an examination by Dr. Baum, his contacts with Dr. Baum were not limited by the Federal Rules of Civil Procedure.  Sewell does not support this conclusion.  Sewell describes the evaluation as an "independent medical examination." 206 F.R.D. at 546, n. 2.  It demonstrates that when a defendant sends a plaintiff to a physician for an IME, the physician is a retained expert and the only way for counsel for the plaintiff to obtain information from the physician is through Rule 26(b)(4).

The undersigned agrees with Mr. Loughlin that Ewing v. Ayers Corp., 129 F.R.D. 137 (N.D. Miss. 1989), is not applicable because the only basis for the examination was Fed. R. Civ. P. 35.  The court determined that any contact with the physician by either party was improper.  Id. at 138.  While

---

[4]  The decision in Sewell states:

It appears that Mr. Sewell plans to offer expert testimony at trial regarding emotional damage suffered as a result of the alleged discriminatory conduct.  Accordingly, as part of discovery, Mr. Swell was subjected to a psychiatric evaluation on February 25, 2002, by a medical expert retained by the MTA, Dr. John Lion.  206 F.R.D. at 546 (Emphasis added).

Mr. Loughlin is correct that <u>Durflinger v. Artiles</u>, 727 F.2d 888 (10th Cir. 1984), and  <u>Campbell Industries v. M/V Gemini</u>, 619 F.2d 24 (9th Cir. 1980), involved *ex parte* contacts with consulting experts, the cases demonstrate that discovery of experts must proceed in accord with Rule 26(b)(4).

7.     <u>No sanctions without bad faith</u>.

Mr. Loughlin contends that his actions were taken in good faith.  He urges that sanctions are not appropriate where is no finding of bad faith.  "[F]ederal courts possess inherent power to assess attorney's fees and litigation costs when the losing party has acted in bad faith, vexatiously, wantonly or for oppressive reasons.  <u>Batson v. Neal Spelce Associates, Inc</u>., 805 F.2d 546, 550 (5th Cir. 1986); and <u>Recinos-Recinos v. Express Forestry, Inc</u>., 2006 WL 3388485, *1 (E.D.La.) (Africk, J.)(the Court also possesses inherent power to sanction bad-faith conduct even if it is beyond the scope of federal rules and statutes).  Bad faith is defined as dishonesty of belief or purpose.  Black's Law Dictionary (7th ed. 1999), p. 134

8.     <u>Deficiencies in Dr. Baum's affidavit</u>.

The undersigned will not respond to Mr. Loughlin's contentions regarding Dr. Baum's affidavit.  The undisputed facts are sufficient for the resolution of the motion.

<u>CONCLUSION</u>

The undersigned finds that: (a) Mr. Loughlin's meeting with Dr. Baum was in violation of Rule 26(b)(4); and (b) Mr. Loughlin did not act in bad faith.  Everything in the record indicates that he honestly believed he was not engaging in any improper conduct.  The only explanation for his conduct is ignorance of the law.  The gap in Mr. Loughlin's knowledge of federal practice and the requirements for expert discovery has created severe problems in the case.  Dr. Baum has been

compromised as an expert in this action.  The undersigned agrees with Seacor that he should not be permitted to testify in this action.  In response to Seaman's motion, the District Judge extended the deadlines for reports of experts for both parties and set a date for motions challenging the admissibility of expert testimony.  Whether Dr. Baum is permitted to testify will be resolved by the District Judge.  The undersigned does not agree that Mr. Loughlin should be disqualified.  As stated at the outset, Mr. Loughlin's ignorance of the law is so grievous that Seacor is entitled to an award of costs and fees for bringing this motion which are set at $1,000.00.  Mr. Loughlin shall pay this sum to Seacor within **ten (10) working days** of the entry of this order.  Seacor's request for additional time to provide reports of experts is moot.

IT IS ORDERED that: (1) Seacor's motion for sanctions (Rec. doc. 27) is GRANTED in PART and DENIED in PART in accord with the terms of this order; (2) Seacor's motion to quash subpoena (Rec. doc. 41) is DENIED; and (3) Seacor's motion to compel medical examination of Seaman and depositions of his experts (Rec. doc. 63) is GRANTED.

New Orleans, Louisiana, this 23rd day of April, 2008.

**SALLY SHUSHAN**
**United States Magistrate Judge**